IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02154-RMR-CYC

CRAIG MARTIN STICE,

     Plaintiff,

v.

SGT. LUCERO, Correctional Officer AVCF,
UNKNOWN CORRECTIONAL OFFICER AVCF, and
UNKNOWN CORRECTIONAL OFFICER AVCF,

     Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiff's Motion for Appointment of Counsel, ECF No. 38, (the "Motion"). Oral argument will not materially assist in the resolution of this matter, and the Motion is appropriately considered even without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d). To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. However, the Court does not find that appointment of pro bono counsel is appropriate in this case at this time. Accordingly, for the reasons that follow, the Motion is **DENIED without prejudice**.

### BACKGROUND

The plaintiff initiated this action by filing a motion seeking a temporary restraining order on July 11, 2025, ECF No. 1, and was subsequently ordered to file a complaint, which he did. ECF Nos. 3 and 7. The plaintiff was twice ordered to amend his complaint. ECF Nos. 8 and 13. As a result, the amended complaint, ECF No. 18, is the operative complaint. The plaintiff

proceeds pursuant to 28 U.S. C. § 1915, ECF No. 12, but has paid the full filing fee. ECF Nos. 14, 19, 20, and 28.

The plaintiff alleges that the defendants used excessive force against him while he was being searched on June 6, 2025. ECF No. 18 at 4–8. The two unknown defendants have not been identified nor served. Defendant Lucero filed a motion to dismiss in which he argues that the plaintiff's amended complaint fails to state a claim. ECF No. 36. That motion has not yet been addressed by the Court.

## ANALYSIS

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated inability of the unrepresented party to retain an attorney by other means and (2) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d

978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. The plaintiff states that his case is complex and "will require significant research and investigation." ECF No. 38 at 2. He also states that he "has limited access to the Law Library and limited knowledge of the law." *Id*. The plaintiff's filings, however, demonstrate his ability to navigate this litigation. For example, the plaintiff was ordered to amend his complaint twice and did so successfully, resulting in this case moving forward. The plaintiff also states that he has dementia and takes medication for memory loss. ECF No. 38. However, the Court currently lacks record evidence showing the precise severity of his health issues or the extent to which they interfere with the plaintiff's ability to litigate this case. *See Bertolo v. Benezee*, 601 F. App'x 636, 640–41 (10th Cir. 2015) (holding that the district court did not abuse its discretion in denying the plaintiff appointed counsel because the plaintiff did not indicate how his medical condition would affect his ability to present his case); *cf. McCarthy v. Weinberg*, 753 F.2d 836, 839-40 (10th Cir. 1985) (holding as an abuse of discretion the district court's denial of appointed counsel when the record evidence demonstrated that the plaintiff's medical condition affected his eyesight, hearing, ability to communicate, and comprehend the proceedings). Further, to the extent the plaintiff argues that this condition would make it difficult for him "to follow a fast moving trial," ECF No. 38 at 2, it is yet unclear whether this case will proceed to trial given that the two unidentified defendants have not yet been served and defendant Lucero filed a motion to dismiss the claim against him. To be sure, "having counsel appointed would . . . assist[] him in presenting his strongest possible case," but "the same could be said in any case." *Rucks*, 57 F.3d at 979. And while there is little reason to doubt the general difficulty of handling a federal

3

lawsuit, the actual subject matter of the plaintiff's amended complaint is not amongst the most complex that find their way into federal court. Further, given the pending motion to dismiss, it is unclear which, if any, of the plaintiff's claims are meritorious and will proceed to discovery.

In sum, this case is at an early stage, it is not overly complex from a reading of the amended complaint, it is yet unclear how meritorious the plaintiff's claims are, and the plaintiff so far appears able to present his case to the Court notwithstanding the health issues he outlines in his motion. Should the plaintiff's circumstances materially change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

## CONCLUSION

For the foregoing reasons, the Motion, ECF No. 38, is **DENIED without prejudice**.

Entered and dated this 25th day of March 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

4